NO. 07-03-0473-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 10, 2004



______________________________




PEDRO A. NOYOLA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;



NO. 2002-481035; HONORABLE LARRY B. "RUSTY" LADD, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ. and BOYD, S.J. (1)

ABATEMENT AND REMAND


 Following his plea of not guilty, appellant Pedro A. Noyola was convicted by a jury
of driving while intoxicated and punishment was assessed by the trial court at 180 days
confinement and a fine of $2,000, suspended for 24 months. Both the clerk's record and
the reporter's record have been filed. Appellant's brief was due to be filed on March 5,
2004, but has yet to be filed. Also, no motion for extension of time in which to file the brief
was filed. By letter dated April 19, 2004, this Court notified appellant's counsel, Mr. David
Martinez, of the defect and also directed that he explain to this Court by April 30, 2004, why
the brief was not filed. Mr. Martinez did not respond and the brief remains outstanding. 

 Therefore, we now abate the appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate
Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter conduct a hearing to determine the following:

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent and entitled to appointed counsel;

 3. whether counsel for appellant has abandoned the appeal; and

 4. whether appellant has been denied effective assistance of counsel
given his attorney's failure to file a brief.



The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel. If different
counsel is appointed, the name, address, telephone number, and state bar number of said
counsel shall be included in an order appointing new counsel. Finally, the trial court shall
execute findings of fact, conclusions of law, and such orders as the court may enter
regarding the aforementioned issues, and cause its findings and conclusions to be included
in a supplemental clerk's record. A supplemental record of the hearing shall also be
included in the appellate record. Finally, the trial court shall file the supplemental clerk's
record and the supplemental reporter's record with the Clerk of this Court by Friday, June
11, 2004.

 It is so ordered.


 Per Curiam



Do not publish. 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.